STATE OF MINNESOTA v. CHARLES E. BRAME.[1]

May 10, 1895.

Nos. 9249—(54).

**Larceny—Variance.**

In a complaint for larceny, under subdivision 2, § 415, Penal Code (G. S. 1894, § 6709), it was alleged that the money came into defendant's possession as agent of the owner. The evidence was that defendant was an attorney at law, and that certain accounts were placed by the owner in his hands for collection, and that the money misappropriated was received by him in payment of these accounts. *Held*, that there was no variance between the complaint and the proof.

**Same—Evidence.**

Evidence *held* sufficient to justify the verdict.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial. Affirmed.

*Charles W. Tankersley,* for appellant.
*David F. Simpson* and *M. D. Purdy,* for respondent.

MITCHELL, J. The defendant was convicted, under subdivision 2, § 415, of the Penal Code (G. S. 1894, § 6709), of embezzling nine dollars, the property of one Hyatt, which he had in his possession as agent of the owner. The defendant is an attorney at law, and a number of small accounts against various parties

[1] Reported in 63 N. W. 250.

were placed in his hands for collection by Hyatt, through his agent, Hogue, and the money alleged to have been embezzled was part of the money collected by defendant on one of these accounts. The defendant asserts the right to retain the money, and apply it in payment of fees which he claims were due him for prosecuting suits for the collection of some of the other accounts which Hyatt had placed in his hands.

1. The defendant makes the point that the complaint alleged that the money came into his possession as agent, while the proof was that it came into his possession as attorney. The point is without merit. The claims were placed in his hands for collection, and he was none the less Hyatt's agent because he happened to be an attorney at law. There was no material variance between the complaint and the proof. Moreover, no such objection was made on the trial.

2. The only other question is whether the evidence justified the verdict. The evidence was ample that the money belonged to Hyatt, that it came into defendant's possession as Hyatt's agent, and that he appropriated it to his own use without the owner's consent. The evidence was also sufficient to justify the jury in finding that the claim of right or title under which defendant assumed to appropriate it to his own use was untenable. The only point upon which there can be any doubt is as to the sufficiency of the evidence of defendant's criminal or dishonest intent; that is, whether or not the claim of right under which he appropriated the money was preferred in good faith. There is some evidence tending to show that this prosecution grew out of a quarrel between the defendant and Hogue as to the amount of fees to which the former was entitled for making these collections. But there is evidence tending to show that defendant did not openly and avowedly appropriate the money under claim of title, but at first falsely denied having received it, and, when confronted with the proof that he had received it, promised to pay it, without at that time asserting any right to retain it. Upon the whole evidence, we think the question whether defendant appropriated the money under a good-faith claim of right to it was for the jury. See Pen. Code, § 433 (G. S. 1894, § 6728).

Order affirmed.